UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL DELGADO,

                              Plaintiff,

      v.

G. HILL, Corrections Sargeant, et al.,

                             Defendants.
_____

DECISION & ORDER

20-CV-6228EAW

On April 4, 2020, *pro se* plaintiff Michael Delgado ("Delgado") commenced this action against the defendants pursuant to 42 U.S.C. § 1983 alleging that they violated his constitutional rights while he was incarcerated at Attica Correctional Facility. (Docket ## 1, 4). Currently pending before this Court are Delgado's third and fourth requests for the appointment of counsel. (Docket ## 19, 26). Delgado seeks the assistance of counsel on the grounds that he has limited access to the law library due to Covid-related restrictions. (*Id.*).

The law is well-settled in that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see*, *e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), the assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

    1.    Whether the indigent's claims seem likely to be of substance;

    2.    Whether the indigent is able to investigate the crucial facts concerning his claim;

> 3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
>
> 4. Whether the legal issues involved are complex; and
>
> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court must carefully consider the issue of appointment, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [plaintiff's] chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein, considering the factors required by law, and finds, pursuant to the standards stated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 61-62, that appointment of counsel is not necessary at this time. As stated above, a plaintiff seeking appointment of counsel must demonstrate a likelihood of success on the merits. *See id.* Delgado has not done so at this stage. Moreover, the legal

issues in this case – the use of excessive force and retaliation – do not appear to be complex. (Docket # 1).

Although Delgado's September 2021 request is predicated on Covid-related restrictions to his facility library access, his March 2022 application does not mention Covid-related restrictions. (Docket ## 19, 26). In any event, Covid-related restrictions are not alone "a sufficient basis upon which to grant pro bono counsel," *Steele v. United States*, 2021 WL 465360, *3 (S.D.N.Y. 2021), and an inmate's limited access to the law library does not entitle him to appointment of counsel, *Applewhite v. McGinnis*, 2008 WL 4426577, *1 (W.D.N.Y. 2008) (appointment of counsel not justified where, among other things, plaintiff "indicate[d] that his access to the prison law library [was] limited").

In his March 2022 motion, Delgado claims that defendants' representation by counsel affords them "an unbalanced, unfair advantage" over him, a *pro se* litigant. (Docket # 26 at 2). That one party is represented by counsel does not automatically entitle the other to appointment; rather, courts must weigh the various considerations outlined above, which in this case weigh against appointment at this time.

On this record, plaintiff's requests for appointment of counsel **(Docket ## 19, 26)** are **DENIED without prejudice** at this time. It is plaintiff's responsibility to retain an attorney or continue with this lawsuit *pro se*. 28 U.S.C. § 1654.

**IT IS SO ORDERED.**

                        *s/Marian W. Payson*
                        MARIAN W. PAYSON
                        United States Magistrate Judge

Dated: Rochester, New York
       July 28, 2022